UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRACE BECKFORD,

    Plaintiff,

v.                                        Case No. 4:20cv202-WS-HTC

SEC'Y, STATE OF FLA.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Trace Beckford, an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Northwest Florida Reception Center ("NWFRC") and proceeding *pro se*, initiated this action by filing a "Petition for Writ of Mandamus" against the Secretary of the State of Florida and seeking, what would be in effect, a writ of mandamus requiring the FDOC to transfer him to "the institution that he request[s] to go to." ECF Doc. 1 at 4.

Beckford's filing was not accompanied by either the $400.00 filing fee or a motion to proceed *in forma pauperis*. Moreover, upon review, the undersigned determined Plaintiff's filing was insufficient to establish this Court's jurisdiction and further failed to state a cause of action against the Defendant. ECF Doc. 3. Notably, as set forth in the undersigned's amend order, this Court does not have jurisdiction

to issue writs against state actors; district courts are loath to interfere with administrative decisions of a prison, such as a transfer decision; and Plaintiff has no constitutional right to be housed at any particular facility.

Because Plaintiff is proceeding *pro se*, however, rather than dismiss the action prior to service under 28 U.S.C. § 1915A, the Court entered an order on May 1, 2020, allowing Plaintiff to voluntarily dismiss this action or file an amended complaint. ECF Doc. 3. Additionally, the Court directed Plaintiff that, if he intended to proceed with this action, he must either pay the full $400.00 filing fee or file a complete application to proceed *in forma pauperis*. *Id*. The Court gave Plaintiff thirty (30) days to comply with its order. Plaintiff did not file anything within the time provided.

Thus, on June 9, 2020, the Court entered an order giving Plaintiff fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 4. Plaintiff was told that the Court would discharge the show cause order if he complied with the Court's May 1 order within the fourteen (14) days provided. He was also warned that failure to comply with the Court's order could result in a recommendation that his case be dismissed for Plaintiff's failure to prosecute and failure to follow orders of the Court without further notice.

More than fourteen (14) days have passed, and Plaintiff has not paid his filing fee, filed a motion to proceed *in forma pauperis*, filed an amended complaint, or filed a notice of voluntary dismissal.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for failure to state a claim, failure to prosecute, and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 10th day of July, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv202-WS-HTC